JAMIE Y. LEE, Bar No. 228389
LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
Telephone: 949.705.3000
Fax No.:    949.724.1201

Attorneys for Defendant
INTERSTATE HOTELS, LLC,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA ALVAREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE HOTELS, LLC, D/B/A WESTIN BONAVENTURE HOTEL, D/B/A WESTIN BONAVENTURE HOTEL AND SUITES, a Delaware limited liability company, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.  2:18-cv-7684<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed: July 27, 2018 |

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF MELISSA ALVAREZ AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant Interstate Hotels, LLC[1] ("Defendant"), hereby removes the above-captioned action from Los Angeles County Superior Court in the State of California to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   PLEADINGS, PROCESS, AND ORDERS

2. On July 27, 2018, Plaintiff Melissa Alvarez ("Plaintiff") filed a Complaint ("Complaint" or "Compl.") against Defendant "Interstate Hotels, LLC, D/B/A Westin Bonaventure Hotel, D/B/A Westin Bonaventure Hotel and Suites, a Delaware limited liability company; and Does 1 through 20, inclusive," in Los Angeles Superior Court: *Melissa Alvarez, an individual, versus Interstate Hotels, LLC, D/B/A Westin Bonaventure Hotel, D/B/A Westin Bonaventure Hotel and*

---

[1] Defendant Interstate Hotels, LLC was erroneously sued as "D/B/A Westin Bonaventure Hotel, D/B/A Westin Bonaventure Hotel and Suites." Defendant Interstate Hotels, LLC is not "doing business as" either Westin Bonaventure Hotel or Westin Bonaventure Hotel and Suites. (Declaration of Erica H. Hageman ("Hageman Decl.") ¶ 5.) Rather, Defendant Interstate Hotels, LLC is the entity that was contractually engaged to manage the property known as the Westin Bonaventure Hotel & Suites, Los Angeles ("the Property"). (*Id*.) Defendant Interstate Hotels, LLC is also the employer at the Property. (*Id*.)

2.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION

*Suites, a Delaware limited liability company; and Does 1 through 20, inclusive,* Case No. BC715469 (the "State Court Action"). The Complaint asserts the following causes of action: (1) discrimination, in violation of the Fair Employment and Housing Act, CAL. GOV'T CODE § 12940, *et seq.* ("FEHA"); (2) retaliation, in violation of FEHA; (3) failure to prevent discrimination and retaliation, in violation of FEHA; (4) retaliation, in violation of Cal. Gov't Code § 12945.2, *et seq.*; (5) failure to provide reasonable accommodation, in violation of FEHA; (6) failure to engage in good faith interactive process, in violation of FEHA; (7) wrongful termination in violation of public policy; (8) declaratory judgment; and (9) failure to permit inspection of personnel and payroll records, in violation of Cal. Labor Code Ł 226 and 1198.5.

3. On August 7, 2018, Plaintiff served Defendant with the Summons and Complaint. (Declaration of Jamie Y. Lee ("Lee Decl.") ¶ 2 & Exh. A.)

4. On August 29, 2018, Defendant filed a general denial and affirmative defenses to the Complaint in Los Angeles County Superior Court. (Lee Decl. ¶ 3 & Exh. B.)

5. Pursuant to 28 U.S.C. § 1446(d), Exhibits A & B constitute all process, pleadings, and orders filed in the State Court Action. (Lee Decl. ¶ 4.) To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id.*)

6. To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with the Summons and Complaint in the State Court Action. (*Id.* at ¶¶ 5-6.)

### III. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed as it is filed within thirty (30) days of August 7, 2018, the date of service of the Summons and Complaint, and

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

3.

within one year from the commencement of the State Court Action. *See* 28 U.S.C. § 1446(b).

## IV.   DIVERSITY JURISDICTION

8.   This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

## V.   DIVERSITY OF CITIZENSHIP

9.   <u>Plaintiff is a Citizen of California.</u> For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10.   At the time Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of the State of California. Plaintiff alleges in the Complaint that she is "a resident of the County of Los Angeles, State of California." (Compl. ¶ 2; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "*prima facie*" case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

4.

11.     <u>Defendant is not a Citizen of California.</u>  Defendant Interstate Hotels, LLC is a Delaware limited liability company.  (Declaration of Erica H. Hageman ("Hageman Decl.") ¶ 2.)   However, for diversity purposes, a limited liability company's citizenship "is determined by examining the citizenship of each of its members."  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Interstate Hotels, LLC is comprised of only one member: Northridge Holdings, Inc. (Hageman Decl. ¶ 3.)   Accordingly, Interstate Hotels, LLC's citizenship is determined based upon the citizenship of Northridge Holdings, Inc.

12.     Northridge Holdings, Inc. is a corporation, incorporated in Delaware. (Hageman Decl. ¶ 3.)  It is well settled that a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

13.     With regard to the corporate citizenship analysis, the United States Supreme Court has made clear that a single, uniform test – the "nerve center" test – shall be applied in determining a corporation's "principal place of business."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).   Although courts previously employed one of a number of tests to determine a corporation's "principal place of business," the United States Supreme Court clarified this uncertainty and announced a single, uniform test to be applied in making such a determination.  *Id.* In this regard, the Court held that the "nerve center" test should be used to determine a corporation's "principal place of business."  *Id.*  To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities."  *Id.*  In other

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

5.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION

words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id.* at 95.

14. Applying the above analysis, the principal place of business, or "nerve center" of Northridge Holdings, Inc. (Defendant Interstate Hotels, LLC's sole member) is located in Arlington, Virginia. Specifically, Northridge Holdings, Inc. has at all times had its principal places of business and headquarters in Arlington, Virginia. (Hageman Decl. ¶ 4.) Northridge Holdings, Inc. makes and implements company-wide operating, financial, investment, employee relations, marketing, accounting, income tax, treasury, and legal policy decisions from its Virginia headquarters. (*Id.*) Accordingly, Northridge Holdings, Inc. is not a citizen of California, but rather it is a citizen of the States of Delaware and Virginia for purposes of determining diversity of citizenship.

15. Thus, Defendant Interstate Hotels, LLC is a citizen of the State of Delaware and a citizen of Virginia based on the citizenship of its sole member, Northridge Holdings, Inc.

16. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

17. Therefore, since the Defendant is not a citizen of the forum State, *i.e.*, California, complete diversity exists for purposes of 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

## VI.   AMOUNT IN CONTROVERSY

18. Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

6.

04 (9th Cir. 1996).  Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.  Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000.  *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

19.     In her Complaint, Plaintiff seeks economic damages in the form of "past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity." (Compl. ¶¶ 32, 31, 44, 56, 62, 73, 81, 89, 100, and Prayer for Relief, ¶ 1.)  Further, Plaintiff seeks recovery of "general and special damages, including severe and profound pain and emotional distress, anxiety, headaches, tension, and other physical ailments, as well as medical expenses, [and] expenses for psychological counseling and treatment. . . ." (Compl. ¶¶ 31, 33, 44, 56, 62, 73, 81, 89, 100, and Prayer for Relief, ¶ 1.)  Plaintiff also seeks punitive damages. (Compl., ¶¶ 34, 45, 57, 63, 74, 82, 90, 101, and Prayer for Relief, ¶ 6.)  Finally, Plaintiff seeks recovery for attorneys' fees and costs.  (Compl., ¶¶ 46, 58, 64, 75, 83, 91, 102, 112, and Prayer for Relief ¶ 7.)

20.     At the time of Plaintiff's alleged separation from employment on July 26, 2017, Plaintiff earned a pay rate of $12.00 per hour in her position of Restaurant Server. (Declaration of Nancy Castro ("Castro Decl.") ¶¶ 3-4.)  During 2016, prior

7.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION

to her leave of absence and the alleged separation, Plaintiff worked an average of approximately 10 hours per week. (*Id.* at ¶ 4.) Assuming that Plaintiff would have continued to work on a full-time basis and conservatively estimating that this case will go to trial in July 2019, or one year from the date Plaintiff filed her Complaint, back pay would be calculated at **$12,480** ($12.00 x 10 hours/week x 104 weeks).

21.   Plaintiff is also seeking future damages or front pay.  Such awards in California often span several years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 97-100 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years).  Even conservatively estimating that Plaintiff seeks front pay damages for only two years, and would not have received a pay increase, the amount of future wages in controversy in this case would total at least an additional **$12,480** ($12.00 x 10 hours/week x 104 weeks).  Thus, it may reasonably be estimated that Plaintiff's claims involve possible back pay and front pay damages which alone total in excess of **$24,960**.

22.   As set forth above, Plaintiff is also seeking damages for "general and special damages, including severe and profound pain and emotional distress, anxiety, headaches, tension, and other physical ailments, as well as medical expenses, [and] expenses for psychological counseling and treatment. . . ." (Compl. ¶¶ 31, 33, 44, 56, 62, 73, 81, 89, 100, and Prayer for Relief, ¶ 1.)  These claims further augment her claim for past and future lost wages. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold);

8.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION

*Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was only employed by the defendant for four months, "emotional distress damages in a successful employment discrimination case may be substantial" and "may be considered when calculating the amount in controversy even where not clearly pled in the complaint"). In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Using the *Kroske* "formula" as a baseline, the emotional distress component of Plaintiff's claims could add at least **$25,000** to the amount in controversy, if not more.

23. Plaintiff also seeks punitive damages in connection with her allegations. (Compl., ¶¶ 34, 45, 57, 63, 74, 82, 90, 101, and Prayer for Relief, ¶ 6.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons,* 209 F. Supp. 2d at 1033 (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons,* 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State*

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

9.

*Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on her punitive damages claim, that claim alone could exceed the jurisdictional minimum.

24.    Finally, Plaintiff seeks attorneys' fees in connection with her claims. . (Compl., ¶¶ 46, 58, 64, 75, 83, 91, 102, 112, and Prayer for Relief ¶ 7.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be include in the amount in controversy"); *Brady,* 243 F. Supp. 2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Even just considering Plaintiff's FEHA claims, the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. CAL. GOV'T CODE §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons,* 209 F. Supp. 2d at 1034.

25.    Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Simmons,* 209 F. Supp. 2d at 1033.

10.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION

Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 609-14 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1479 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

26.     Plaintiff also seeks such open-ended relief "[f]or any other relief that is just and proper." (Prayer for Relief ¶ 9.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

27.     In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

11.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION

## VII.   VENUE

28.   Venue lies in the Central District of California pursuant to 28 U.S.C. sections 84(c), 1441(a), and 1446(a).  Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Los Angeles.  Pursuant to 28 U.S.C. § 84(c)(2), the appropriate assignment of the State Court Action is to the Western Division of this Court, located in Los Angeles.

## VIII.  NOTICE OF REMOVAL

29.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Ramin R. Younessi, Law Offices of Ramin R. Younessi, 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.  (Lee Decl. ¶ 7.)  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.  (*Id*.)

WHEREFORE, Defendant Interstate Hotels & Resorts, Inc. and Sunstone Hotel Properties, Inc. pray that the Court remove this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:       September 4, 2018

_____
JAMIE Y. LEE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
INTERSTATE HOTELS, LLC

Firmwide:156847187.1 079499.1000

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION