UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority          ____
Send              ____
Enter             ____
Closed            ____
JS-5/JS-6         ____
Scan Only         ____

| | |
|---|---|
| CASE NO.: CV 2:18-07684 SJO (KSx) | DATE: January 2, 2019 |
| TITLE: Melissa Alvarez v. Interstate Hotels, LLC, et al. | |

==================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz  
Courtroom Clerk

Not Present  
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANT:**

Not Present

==================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 11]

This matter is before the Court on Plaintiff Melissa Alvarez' ("Plaintiff") Motion for Order Remanding Action to State Court ("Motion"), filed October 5, 2018. Defendant Interstate Hotels, LLC ("Interstate" or "Defendant") opposed the Motion ("Opposition") on October 17, 2018, to which Plaintiff replied on October 24, 2018. The Court found the matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Motion is **GRANTED**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2018, Plaintiff filed a civil complaint ("Complaint") against Interstate in Los Angeles Superior Court in a case captioned *Melissa Alvarez v. Interstate Hotels, LLC, et al.*, No. BC715469 (Cal. Super. Ct. Jul. 27, 2018). (*See* Decl. Jamie Y. Lee in Supp. Notice of Removal of Civil Action ("Lee Decl."), Exh. A ("Complaint"), ECF No. 1-5.) In the Complaint, Plaintiff alleges that Defendants discriminated against and wrongfully terminated him due to an alleged disability. (Compl. ¶¶ 16-34.)

In her complaint, Plaintiff alleges the following. Plaintiff resides in the County of Los Angeles within the State of California. (Compl. ¶ 2.) Defendant Interstate is a Delaware limited liability company that is the owner and operator of a hotel in Downtown Los Angeles. (Compl. ¶ 3.)

In October 2008, Defendant initially hired Plaintiff to work as a hostess, but later offered her a position as a waitress, which she accepted. (Compl. ¶ 16.) On April 15, 2016, Plaintiff suffered a work-related injury when she tripped over a folded mat while seven months pregnant and injured her right hand and right knee. (Compl. 17.) Plaintiff was unable to work and was placed on temporary disability through May 9, 2016. (Compl. ¶ 20.) On May 9, 2016, she suffered a miscarriage and her leave was extended through October 14, 2016. (Compl. ¶ 21.) Following this, Plaintiff was again placed on disability leave through March 2017 for her work-related injuries. (Compl. ¶ 22.)

CASE NO.:    CV 2:18-07684 SJO (KSx)        DATE:    January 2, 2019

On March 31, 2017, Plaintiff met with Defendant's representatives who offered her a position as a front desk agent and concierge. (Compl. ¶ 23.) Several days later, however, Defendant informed Plaintiff that she could not be offered the position because the work requirement exceeded her disability restrictions. (Compl. ¶ 24.) Plaintiff contends that she was, in fact, capable of performing the positions and that her disabilities could have been accomodated. (Compl. ¶ 24.) Following this, Ms. Alvarez was again placed on disability leave until her termination on or about July 26, 2017. (Compl. ¶ 25.)

Plaintiff asserts the following causes of action against Defendant: (1) Discrimination in violation of California Government Code sections 12940 *et seq.*; (2) Retaliation in violation of California Government Code sections 12940 *et seq.*; (3) Failure to prevent discrimination and retaliation in violation of California Government Code section 12940(k); (4) Retaliation in violation of California Government Code sections 12945.2 *et seq.*; (5) Failure to provide reasonable accommodations in violation of California Government Code sections 12940, *et seq.*; (6) Failure to engage in a good faith interactive process in violation of California Government Code sections 12940 *et seq.*; (7) Wrongful termination in violation of public policy; (8) Declaratory judgment; and (9) Failure to permit inspection of personnel and payroll records in violation of California Labor Code sections 226, 1198.5. (*See generally*, Compl.)

The state court action was removed to this Court on September 4, 2018. (Notice of Removal of Civil Action to Federal Court ("Notice"), ECF No. 1.) The present motion seeks to remand this action to Los Angeles Superior Court.

II.      DISCUSSION

         A.      Legal Standard for Remand

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Lack of subject matter jurisdiction may be raised by any party at any time, and it is never waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002).

An action is removable to federal court only if it could have been brought there originally. *See* 28 U.S.C. § 1441(a). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the

defendant always has the burden of establishing that removal is proper." *Id.* (citations and internal quotation marks omitted).

Section 1332(a), in turn, provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship.  28 U.S.C. § 1332(a).  The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation."  *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.' "  *Campbell v. Vitran Exp., Inc.*, 471 Fed.Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  The removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); Fed.R.Civ.P. 8(a). Where the plaintiff contests the defendant's allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Owens*, 135 S.Ct. at 550.

The preponderance of the evidence standard means the "defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996) (emphasis added) (citation omitted).  A defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum.  *Gaus v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992). In addition to the contents of the removal petition, the court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations.  *Valdez v. Allstate Ins. Co.*, 372 F. 3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 374 (9th Cir. 1997).  A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice.  *Cohn v. Petsmart, Inc.*, 281 F. 3d 837, 840 n. 1 (9th Cir. 2002).

///
///
///
///

  B.  <u>Analysis</u>

Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.  Plaintiff argues that removal was improper because the amount in controversy requirement under 28 U.S.C. § 1332(a) was not met and because a necessary party exists who is a California resident and would therefore defeat diversity of citizenship.  (Mot. 1.)

    1.  <u>The Amount in Controversy Requirement is Not Met</u>

      a.  <u>Attorneys' Fees</u>

While the parties appear to agree on the fact that attorneys' fees are properly considered as part of the amount-in-controversy inquiry, they disagree on the time span of theses fees.  Plaintiff contends that only those fees accrued at the time of removal are properly considered, whereas Defendant argues that future attorneys's fees should also be included in the calculation.  In support of its position, Defendant cites to a recent Ninth Circuit decision, *Fritsch v. Swift Transportation Company of Arizona, LLC*, which held that "if the law entitled the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are "at stake" in the litigation', and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy."  899 F.3d 785, 794 (9th Cir. 2018).  As the Fair Employment and Housing Act ("FEHA"), asserted here, unquestionably entitles a successful plaintiff to recover attorneys' fees, *Fritsch* applies and those fees should be considered in the amount-in-controversy inquiry. Cal. Gov't Code § 12965(b).

Defendant's Notice of Removal cites to several cases in which appellate courts have affirmed attorneys' fee awards in the hundreds of thousands of dollars for similar matters. (Notice ¶ 25.) The Court declines to use these exorbitant amounts as the basis for amount in controversy as to do so would be to transform every employment discrimination case, no matter how simple, into a matter meeting the amount in controversy requirements for federal jurisdiction.  This is particularly so when the Defendant itself has submitted previous fee requests made by Plaintiff's counsel showing a median amount of a mere $31,107—a disparity furthered by the fact that each of these requests includes a multiplier of 1.5-3 times the billed amount. (Declaration of Jamie Y. Lee ISO Opp'n, ECF No. 16-1.)  Importantly, Defendant also fails to indicate whether the full amount of the request was actually awarded in each of these cases.  Nevertheless, the Court takes Plaintiff's past requests into account and concludes that the median attorneys' fees of $31,107 is a reasonable estimate.[1]

---

[1] This is generally in line with the Court's past estimate of $45,000 in FEHA cases based on a rate of $450/hr and time commitment of 100 hours.  *See e.g., Avila v. P & L Devel., LLC*, 18-cv-01211-SJO (AS), 2018 WL 1870422, at *4 (C.D. Cal. Apr. 18, 2018).

  b.  Lost Wages

Defendant contends, and Plaintiff does not dispute, that Ms. Alvarez was working approximately 10 hours per week and earning $12/hour at the time she was terminated—an annual compensation of approximately $6,240. The parties disagree as to the date at which past wages period should be cut off. Plaintiff contends that the period for calculating past wages for the purpose of diversity jurisdiction ends at the time of removal—an amount equal to $6,760. (Mot. 8.) Defendant disagrees and instead argues that the wages should be calculated to July 2019, its own estimate for the time of trial in this matter. (Notice ¶ 20.) Extrapolating Ms. Alvarez's wages to July 2019 would result in lost wages amounting to $12,480. While both parties provide some support for their positions, Defendant correctly notes that the Ninth Circuit has taken a decidedly liberal view of the amount in controversy, finding that the Court may consider future wages in its calculation. In a recent employment discrimination action, the Ninth Circuit stated that "'if the law entitled [Plaintiff] to recoup those future wages if she prevails, then there is no question that future wages are "at stake" in the litigation, whatever the likelihood that she will actually recover them.'" *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793-94 (9th Cir. 2018)(quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)). Here, Plaintiff's Complaint clearly alleges that she her wrongful termination resulted in lost future wages and that she is entitled to recover this amount. (Compl. ¶ 31.) While the Court has not yet set a date for trial in this matter, it finds that Defendant's calculations—based on a trial date one year from the date Plaintiff filed her Complaint—are both conservative and reasonable. Thus, Plaintiff's total lost wages, including future lost wages, amounts to $12,480.

  c.  Emotional Distress & Punitive Damages

In addition to her request for lost wages, Plaintiff's Complaint also seeks unspecified damages for emotional distress and its physical side affects. (Compl. ¶ 31.) Courts ordinarily include this type of damages in their assessment of the amount in controversy for jurisdictional purposes. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). A defendant may rely on evidence of jury verdicts from analogous cases to establish the precise amount at stake when no amount is provided in the Complaint. *Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002). Here, Defendant cites to only a single case, *Kroske*, in which the Ninth Circuit found that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim." *Id.* It asks that the Court adopt this figure as a "baseline" for emotional distress damages. (Notice ¶ 22.)

The *Kroske* court's determination was not made in a vacuum, however, as the amount was calculated from the defendant's citation to analogous cases within the Eastern District of Washington—where that matter was considered. *Kroske*, 432 F.3d. at 980. Here, however, Defendant has provided no such support and instead ask the Court to rely on *Kroske*—the findings of a single judge based on jury verdicts from nearly two decades ago in an entirely different state. While it is indeed possible that a jury in this district may award considerable

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** CV 2:18-07684 SJO (KSx) | **DATE:** January 2, 2019 |

emotional distress or punitive damages, Defendants have not met their evidentiary burden. The same is true of punitive damages, which Defendants contend "may equal as much as four times the amount of the actual damages award." (Notice ¶ 23.) Aside from this and a bare statement that "employment discrimination cases have the potential for large punitive damages awards," the Notice of Removal does not include any support for the range of damages in analogous cases. Even were the Court to accept Defendant's contention that $25,000 is a reasonable estimate for these non-economic and punitive damages, the amount in controversy would still fall short of the $75,000 requirement.

      2.     <u>Conclusion</u>

In sum, while Defendant has properly alleged an amount in controversy exceeding $75,000, it has not provided sufficient evidence supporting its allegation. The Court ultimately concludes that Defendant has established lost wages of $12,480 and attorneys' fees of $31,107—a mere $43,587 and well shy of the $75,000 required to establish federal jurisdiction.

III.    <u>RULING</u>

The Court concludes that Defendant has failed to provide evidentiary support for its assertion that the amount in controversy exceeds $75,000. For this reason, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this matter to the Superior Court for the County of Los Angeles.

IT IS SO ORDERED.